UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) Plaintiffs, ) ) v. ) ) DJ CONTRACTING, INC., ) ) Defendant. ) | Case No.: 4:10CV1375 RWS |

## MEMORANDUM AND ORDER

This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. This matter is before me on Plaintiffs' Motion for Default Judgment [#14]. Plaintiff served the complaint and summons on Defendant on August 2, 2010. Defendant has not entered an appearance or filed an answer. Default was entered by the clerk against Defendant DJ Contracting, Inc., on October 10, 2010. On December 19, 2010 I ordered Defendant to submit to an accounting.

Plaintiffs request default judgment be entered against Defendant in the amount of $5,430.73, representing outstanding contributions; liquidated damages in the amount of $1,086.15; interest in the amount of $184.38;[1] payroll examination fees of $2,052.00; reasonable

---

[1] Plaintiffs' Memorandum in Support of Default Judgment and Massa's Affidavit (Ex. A) indicate Plaintiffs seek a total of $6,683.71 for contributions, liquidated damages, and interest. However, in their Memorandum in Support, Plaintiffs seek $5,416.53 in outstanding contributions, $1,083.31 in liquidated damages, and $183.87 in interest, for a total of $6,701.26. The totals reflected above for contributions, liquidated damages, and interest are supported by Massa's Affidavit and are necessary to reach the total amount sought by Plaintiffs.

attorneys' fees of $2,699.00; and court costs and fees of $706.75.

Section 502(g)(2) of ERISA provides that in an action brought to enforce § 515 of the Act in which a judgment in favor of the plan is awarded, the Court "shall" award the Plan (1) the unpaid contributions, (2) interest on the unpaid contributions; (3) liquidated damages not in excess of 20% of the unpaid contributions, (4) the plan's reasonable attorney's fees and costs of the action, and (5) other legal and equitable relief the court deems appropriate. 29 U.S.C. § 1132(g)(2). In addition, the collective bargaining agreement requires Defendant to pay the payroll examination fees. As a result, the Plaintiffs are entitled to a total judgment of $12,141.46.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for Default Judgment [#13] is **GRANTED**.

A separate judgment will be entered in this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2011.